IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 06-cv-01194-WYD

LARRY WHITE,

    Applicant,

v.

MARK McKINNA, Supt. F.C.F., and
JOHN W. SUTHERS, Attorney General of the State of Colorado,

    Respondents.

ORDER

I.    INTRODUCTION

THIS MATTER is before me on various *pro se* motions filed by Larry White, a prisoner in the custody of the Colorado Department of Corrections and currently incarcerated at the Colorado State Penitentiary in Cañon City, Colorado. On January 31, 2012, Mr. White filed the following: a Motion to Consolidate this case with Civil Action Nos. 91-cv-00650 and 89-cv-02050 [ECF No. 49], two Motions for Relief from Judgment Pursuant to Rule 60(b)(4) & (6)(d)(3) [ECF No. 50 & 51], a Motion to File Limited Copies Pursuant to Fed. R. Civ. P. 7 [ECF No. 52], and a document styled "Plaintiff's Offer of Proof" [ECF No. 54]. On April 3, 2012, he filed a document styled "Plaintiff's Notice of Motion for Injunctive Relief" [ECF No. 57]. Finally, on May 2, 2012, he filed a "Request for Disclosure" [ECF No. 58], a "Notice to Compel Disclosure" [ECF No. 59], and a "Motion to Compel Disclosure" [ECF No. 60]. The Respondents filed a

Response to the Motions for Relief From Judgment on February 17, 2012.

I must construe the motions liberally because Mr. White is a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, I should not act as a *pro se* litigant's advocate.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the above referenced motions will be denied and filing restrictions will be imposed against Mr. White for his repetitive and abusive filings.

II.   BACKGROUND

On September 24, 1975, Mr. White pled guilty to the forcible rape of a 13-year-old girl in violation of C.R.S. § 40-3-401(1)(d) (1971).  Proceedings were commenced under C.R.S. § 16-13-203 (1978) (the Sex Offenders Act of 1968), and on December 4, 1975, he was committed to the Department of Institutions (now Department of Corrections) for an indeterminate period of one day to natural life.  He was paroled in September 1985.  However, on January 14, 1986, he was charged with second-degree forgery and his parole was revoked.

As set forth in greater detail in my Order dated December 12, 2006 [ECF No. 30], Mr. White has filed at least six previous habeas petitions in this court challenging both his underlying state court conviction and the subsequent revocation of his parole.  He filed a § 2254 action on May 19, 1988, *White v. Cooper, et al.*, No. 88-cv-00764-RPM (D. Colo. Sept. 12, 1988) (challenging the denial of his parole in 1987) (Not selected for publication), a second § 2254 action on November 3, 1989, *White v. Hesse, et al.*, No. 89-cv-01921-EWN (D. Colo. Jan. 17) (challenging his 1975 sexual assault conviction)

(Not selected for publication), *aff'd*, No. 90-1020 (June 15, 1990) (Not selected for publication), and a third § 2254 on November 29, 1989, *White v. Hesse, et al.*, No. 89-cv-02050-JRC (D. Colo. Feb. 23) (challenging revocation of his parole 1986) (Not selected for publication), *appeal dismissed*, No. 90-1088 (Nov. 5, 1990) (Not selected for publication).  Each of the above three § 2254 actions was dismissed for failure to exhaust state court remedies.

On April 22, 1991, Applicant filed a fourth § 2254 action in which he again challenged the February 6, 1986, revocation of his parole.  *White v. McKinna, et al.*, No. 91-cv-00650-ZLW (D. Colo. Sept. 2, 1992) (Not selected for publication), *aff'd*, Nos. 92-1319 and 92-1333 (10th Cir. June 9, 1993) (Not Selected for Publication).

On January 20, 1994, Applicant filed a fifth habeas action in *White v. Hesse*, No. 94-cv-00182-RPM (D. Colo. June 3, 1994).  In Case No. 94-cv-00182-RPM, Mr. White asserted that (1) his due process rights were violated when a complete record of the state postconviction proceedings and transcript were not submitted so that he was able to pursue his state appellate and federal habeas remedies, (2) his right to equal protection was violated by the lack of a transcript and because Colo. Rev. Stat. § 17-2-103(12) was not applied retroactively to his case, and (3) there exists "newly discovered" evidence regarding the criminal offense charged against him in his parole revocation hearing, which would show that an employee of the company Applicant was accused of defrauding was fraudulently handling the company's bookkeeping.  Case No. 94-cv-00182-RPM was dismissed on June 3, 1994, as successive and for failure to exhaust the claim of newly discovered evidence.  *White v. Hesse*, No. 94-cv-00182-

RPM at Doc. No. 21.

On September 29, 2003, in *White v. Salazar*, No. 03-cv-02028-ZLW (D. Colo. Nov. 13, 2003), Mr. White submitted to the court a document titled "Petition for Intervention Pursuant to 28 U.S.C. # 2403." Upon review of the document, the court found that Mr. White was attempting to challenge a state statute that is the basis for his current incarceration. The court instructed Applicant to file his claims on a court-approved form used in filing § 2254 actions. As opposed to complying with the court's order, Mr. White filed a notice of voluntary dismissal.

On January 26, 2006, Mr. White filed a "Motion to Alter and Amend Court's Judgment Order" in *White v. Ortiz, et al.*, No. 91-cv-00650-ZLW (D. Colo. Sept. 2, 1992). The court determined, in Case No. 91-cv-00650-ZLW, that although Applicant had filed the motion pursuant to Fed. R. Civ. P. 60(b) the motion was actually a successive 28 U.S.C. § 2254 habeas petition and, on February 16, 2006, ordered the motion transferred to the United States Court of Appeals for the Tenth Circuit (Tenth Circuit). On May 2, 2006, the Tenth Circuit vacated the district court's February 16, 2006, Order and directed the court to treat the motion as a habeas application filed pursuant to 28 U.S.C. § 2241.

On June 21, 2006, the motion was construed as filed pursuant to § 2241 and the Clerk of the Court was directed to open the instant action. In my December 12, 2006, Order I found that the claims asserted in § 2241 application in this case had been asserted, or could have been asserted, in Mr. White's previous habeas actions. In addition, I noted that to the extent Mr. White was attempting to assert a violation of his

Eight Amendment rights, such a claim is more properly raised in a prisoner complaint filed pursuant to 42 U.S.C. § 1983. I further found that all of Mr. White's claims have been more than sufficiently reviewed by this court, and that his § 2241 application should be denied and dismissed as successive and abusive pursuant to 28 U.S.C. § 2244(a). Finally, I found that if Mr. White submitted any future filings that are simply restatements of claims that he previously has presented to the court in a habeas action, or are claims that he could have presented to the court in a habeas action, he will be subject to sanctions. The Tenth Circuit affirmed my decision in No. 07-1093 (10th Cir. June 4, 2007) (Not Selected for Publication), and stated "[we] add our voice to those of the district courts in warning Mr. White that future repetitive or abusive filings in this court may be met by appropriate sanctions."

III.    MOTIONS FOR RELIEF FROM JUDGMENT

In the instant motions, Mr. White asserts that he is entitled to relief under Fed. R. Civ. P. 60(b)(4) & (6) based on the following: (1) the state court judgment is void ab initio because he was prosecuted under and invalid statute; (2) the Defendants perpetrated fraud on the court by falsely alleging in prior proceedings that Mr. White had committed second degree forgery, and by misrepresenting and withholding facts concerning his underlying conviction; (3) that he was falsely accused of violating a condition of his parole; (4) lack of effective assistance of counsel in his federal and state proceedings; and (5) various other arguments challenging his underlying state court conviction and the subsequent revocation of his parole.

Upon review of the Motions for Relief from Judgment and the Offer of Proof, I find

that Mr. White has not articulated any basis for relief under Rule 60(b).  All of Mr. White's arguments are the same or similar to claims already rejected by the Court, either in this or prior proceedings, or they are claims that could have been raised in this or prior proceedings.  To the extent Mr. White's motions can be read to allege a void judgment under Rule 60(b)(4), I note that Rule 60(b)(4) "is a rule of civil procedure and thus not available to criminal judgments, nor may it be used to challenge state judgments of any sort in federal court."  *Sherratt v. Friel*, 275 Fed. Appx. 763, 766 (10th Cir. 2008) (unpublished).  In addition, Mr. White has not demonstrated that he is entitled to relief under Rule (60)(b)(6), the "catchall" provision of the rule allowing relief from judgment for "any other reason justifying relief."  Further, Mr. White's claims do not challenge either a procedural ruling of this Court that precluded a merits determination of his habeas application, or the integrity of the habeas proceedings.  Therefore, I find that Mr. White's motions are not "true" Rule 60(b) motions, and are more appropriately construed under § 2241 or § 2254.

To the extent Mr. White's claims lie in § 2241, they are barred under § 2244(a) as successive and abusive writs for the reasons more fully set forth in my Order of December 12, 2006.  To the extent they lie in § 2254, they will be construed as second or successive applications.  While I would generally transfer such a case to the court of appeals for an order authorizing consideration of the application, in this case, I exercise my discretion and conclude that transfer would not be in the interests of justice.  *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (citing *Philips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer

of frivolous cases)).

As to the motion to consolidate, I find that while the instant case and Civil Action Nos. 91-cv-00650 and 89-cv-02050 may involve common questions of law or fact, it would not be appropriate to consolidate these cases under Rule 42(a). I note that consolidation of cases is within the discretion of the trial court. *Gillette Motor Transport v. Northern Oklahoma Butane Co.*, 179 F.2d 711, 712 (10th Cir. 1950).

Finally, as to Mr. White's "Notice of Motion for Injunctive Relief Pursuant to Rule 65," I note that to the extent Mr. White is asserting violation of his First or Eighth Amendment rights, such claims are more appropriately raised in a prisoner complaint filed pursuant to 42 U.S.C. § 1983.

IV. SANCTIONS

I find that the instant motions constitute restatements of claims that Mr. White previously presented to the court in a habeas action, or could have presented to the court in a habeas action.

The Court will not tolerate abuse of its limited judicial resources by *pro se* litigants who repeatedly fail to comply with Court orders. The Court has the power to enjoin litigants who abuse the judicial system. *See Tripati v. Beaman*, 878 F.2d 351 (10th Cir. 1989) (per curiam).

"[T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Id.* at 353 (citation omitted). "Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored


7

restrictions in appropriate circumstances." *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007).

> Specifically, injunctions restricting further filings are appropriate where the litigant's lengthy and abusive history is set forth; the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and the litigant receives notice and an opportunity to oppose the court's order before it is implemented.

*Id.*

Sanctions may be imposed under Fed. R. Civ. P. 11(c), even against a *pro se* plaintiff, if a pleading or other paper lacks "claims, defenses, and other legal contentions . . . warranted by existing law" and the "factual contentions" lack "evidentiary support." *See* Fed. R. Civ. P. 11(b) (imposing same standard on both attorneys and "unrepresented part[ies]").  In order to comply with Rule 11 and avoid sanctions thereunder, a *pro se* party's actions must be objectively reasonable. *White v. Gen. Motors Corp.*, 908 F.2d 675, 683 (10th Cir. 1990).  A pattern of groundless and vexatious litigation will support an order enjoining a litigant from filing any claims without first seeking prior leave of court. *See Ketchum v. Cruz*, 961 F.2d 916, 921 (10th Cir. 1992); *Winslow v. Romer*, 759 F. Supp. 670, 677-78 (D. Colo. 1991); *Colorado ex rel. Colo. Judicial Dep't v. Fleming*, 726 F. Supp. 1216, 1221 (D. Colo. 1989).

As discussed above, in my December 12, 2006, Order, I set forth in great detail Mr. White's lengthy and abusive filing history and specifically warned Mr. White that if he were to submit any future successive filings, he would be subject to sanctions.  The Tenth Circuit issued a similar warning when affirming my Order.  The motions before me are successive and abusive.  Therefore, I will prohibit Mr. White from filing any motions,

petitions, or applications that contain claims or arguments that were previously presented to this court in a habeas action, or could have presented to the court in a habeas action, without the representation of a licensed attorney admitted to practice in the United States District Court for the District of Colorado, unless he obtains permission to proceed *pro se.* This prohibition applies to newly filed cases as well as motions filed in any of Mr. Whites previously filed habeas cases. In order to obtain permission to proceed *pro se*, Mr. White will be directed to take the following steps:

   1.   File with the clerk of this Court a motion requesting leave to file a *pro se* action.

   2.   Include in the motion requesting leave to file a *pro se* action the following information:

      A.   A list of all lawsuits currently pending or filed previously in the District of Colorado, including the name, number, and citation, if applicable, of each case, and the current status or disposition of each case; and

      B.   A statement of the legal issues to be raised in the proposed new pleading and whether he has raised the same issues in other proceedings in the District of Colorado. If so, he must cite the case number and docket number where the legal issues previously have been raised.

   3.   Submit the proposed new pleading to be filed in the *pro se* action.

The motion requesting leave to file a *pro se* action and the proposed new pleading shall be submitted to the clerk of the Court, who shall forward them to the judicial officer designated by the Chief Judge pursuant to D.C.COLO.CivR 8.1C. for review. If the motion requesting leave to file a *pro se* action is denied, the matter will be

dismissed.  If the motion requesting leave to file a *pro se* action is granted, the case will proceed in accordance with the Federal Rules of Civil Procedure and the Local Rules of Practice of the United States District Court for the District of Colorado-Civil.

V.  CONCLUSION

For the reasons set forth herein, it is hereby

ORDERED that the Motion to Consolidate filed January 31, 2012 [ECF No. 49] is **DENIED**.  It is

FURTHER ORDERED that the Motions for Relief from Judgment Pursuant to Rule 60(b)(4) & (6)(d)(3) filed January 31, 2012 [ECF No. 50 & 51] are **DENIED**.  It is

FURTHER ORDERED that the Motion to File Limited Copies Pursuant to Fed. R. Civ. P. 7 filed January 31, 2012 [ECF No. 52] is **DENIED**.  It is

FURTHER ORDERED that the pleading styled "Plaintiff's Notice of Motion for Injunctive Relief" filed April 3, 2012 [ECF No. 57] is **DENIED**.  It is

FURTHER ORDERED that the "Request for Disclosure" [ECF No. 58] and "Motion to Compel Disclosure" [ECF No. 60] are **DENIED AS MOOT**.

FURTHER ORDERED that Mr. White is **PROHIBITED** from filing any motions, petitions, or applications that contain claims or arguments that were previously presented to this court in a habeas action, or could have presented to the court in a habeas action, without the representation of a licensed attorney admitted to practice in the United States District Court for the District of Colorado, unless he obtains permission to proceed *pro se*, as set forth herein.  It is

FURTHER ORDERED that Mr. White shall have 15 days from the date of this

Order to file written objections, limited to no more than 8 pages that comply with D.C.Colo.LCivR 10.1, to these sanctions. If Mr. White does not file an objection, the sanctions shall take effect 20 days from the date of this Order. If Mr. White does file a timely objection, these sanctions shall not take effect until this Court has ruled on the objections.

Dated: May 7, 2012

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge